61 F.3d 911
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terrence MULGANNON, Plaintiff-Appellant,
v.
David K. WELLER, Defendant-Appellee.
 No. 93-55665.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1994.*
Decided July 5, 1995.
 
 Appeal from the United States District Court, for the Central District of California, D.C. No. CV 88-01486-RG; Richard A. Gadbois, Jr., District Judge, Presiding.
 C.D.Cal.
 REVERSED.
 Before: CANBY, LEAVY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terrence Mulgannon appeals the district court's granting of summary judgment on grounds of qualified immunity in his action under 42 U.S.C. Sec. 1983. Mulgannon argues that genuine issues of material fact exist as to whether a seizure or coercion occurred.
 
 PRIOR PROCEEDINGS
 
 3
 Mulgannon previously appealed from an adverse jury verdict in this action. We reversed and remanded, holding that the court gave an erroneous instruction on qualified immunity and we required the district court to reformulate the instruction.
 
 
 4
 Mulgannon v. Gates, 936 F.2d 578 (9th Cir.1991) (table), No. 90-55598 (Mulgannon I ). On remand, the district court granted defendant's motion for summary judgment, holding that Weller was entitled to qualified immunity. Mulgannon appeals.
 
 DISCUSSION
 We stated the following in Mulgannon I:
 
 5
 Judge Gadbois' decision to instruct the jury on qualified immunity indicates that he found the law regarding an officer's freedom to stop persons without probable cause if he is concerned for the safety of a colleague not "clearly established."
 
 
 6
 This conclusion was correct. The Supreme Court has frequently said that a police officer is free to approach a citizen, ask for identification, and pose questions. See, e.g., Florida v. Bostick, 111 S.Ct. 2382, 2386 (1991); 460 U.S. 491, 497 (1983); United States v. Mendenhall, 446 U.S. 544, 552-53 (1980) (plurality opinion of Stewart, J.); Dunaway v. New York, 442 U.S. 200, 210 n. 12 (1979); Terry v. Ohio, 392 U.S. 1, 31, 32-33 (1968) (Harlan, J., concurring). Thus, even if Weller could not have reasonably feared for Queen's safety under the circumstances, he was free to approach Mulgannon and question him without probable cause or "articulable suspicion" to do so. Weller was therefore entitled to a qualified immunity instruction.
 
 
 7
 Id. at 8-9. In reaching this conclusion, our analysis was faulty for the following reason.
 
 
 8
 Weller's version of the events describes a consensual exchange of questions and answers, followed by a voluntary exposure of the film by Mulgannon, in which case the affirmative defense of qualified immunity is irrelevant:
 
 
 9
 Weller approached Mulgannon and identified himself as a Los Angeles Police Officer by removing his departmental identification card, which has a badge and photograph on it, and by displaying it to Mulgannon. (Motion, Exhibit B, p. 93, I RT 53:4-11.) Weller asked to talk to Mulgannon and Mulgannon assented. (Motion, Exhibit B, pp. 94, 95; I RT 54:4-6; 55:3-7). Weller knew of no law that Mulgannon had broken by taking Queen's photograph and approached Mulgannon not to conduct a criminal investigation but simply because Queen has asked him to and because of his concern for Queen's safety. (Motion, Exhibit B, pp. 101-102, 104, 105, 106; I RT 61:22 TO 62:1; 64:19-25; 65:9-12; 66:11-22.)
 
 
 10
 Weller asked Mulgannon if they could step down the pathway to discuss something because they were standing in an aisleway with a tremendous amount of traffic and people pushing by (Motion, Exhibit B, p. 95; I RT 55:8-25), so they walked to an area about 35-40 feet outside the fence. (Motion, Exhibit B, pp. 95-96; I RT 55-56 and 47:21 to 48:18.) Weller asked Mulgannon for some identification and Mulgannon produced a driver's license. Weller asked Mulgannon if he was with the media and Mulgannon said yes. Weller asked if Mulgannon had any press credentials, and Mulgannon replied that he used to be with media but did not currently have any credentials. (Motion, Exhibit B, pp. 97-98; I RT 57:23 to 58:6.)
 
 
 11
 ... defendant Weller testified that he never threatened Mulgannon with arrest if he did not turn over his film ...
 
 
 12
 Appellee's Brief at 4-5. Under the version advanced by the appellee, no seizure or coercion took place; hence, no liability attaches. Thus, the issue of qualified immunity does not arise. It was error for us to conclude that, based on Weller's version, the appellee was entitled to an instruction on qualified immunity.
 
 
 13
 Under the appellant's version, the incident does not constitute a consensual exchange of questions and answers or a voluntary exposure of the film:
 
 
 14
 ... undisputed facts are set forth as follows in plaintiff's first appeal brief: "defendant approached, escorted to a side area, and seized plaintiff, all because defendant was concerned for the safety of the ATF agent, who has seen plaintiff taking photographs." Brief in No. 90-55598, p. 3, 11. 1-4. [sic] Then disputed facts are set forth in that brief as follows: "plaintiff exposed his film because defendant forced him to do so. TR-March 13, 1990, pages 14-114; March 14, 1990, pages 124-211. Plaintiff contends he was illegally seized by defendant, and that he was coerced, on threat of being retained in custody, to destroy his own film. Ibid." Ibid.
 
 
 15
 Appellant's Brief at 5. According to the appellant, he did not feel free to leave, so this was not a consensual situation:
 
 
 16
 A stop is consensual only if the person stopped recognizes he or she is free to leave.
 
 
 17
 Terry v. Ohio, 392 U.S. 1, 19 n. 16 (1968).
 
 
 18
 Contrary to our conclusion in Mulgannon I, we now conclude that the appellant has demonstrated that the constitutional rights he claims were violated were "clearly established" under the law of this circuit at the time of the incident. As we held in Barlow v. Ground:
 
 
 19
 The fourth amendment permits police to detain an individual only if they have an articulable and reasonable suspicion that the individual has committed or is about to commit a crime. United States v. Woods, 720 F.2d 1022, 1026 (9th Cir.1983). To arrest an individual, police need more than a reasonable suspicion; they must have probable cause. Probable cause to arrest exists when "under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime.' " United States v. Smith, 790 F.2d 789, 792 (9th Cir.1986).
 
 
 20
 Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir.1991).
 
 
 21
 In this case, the reasoning in Barlow is applicable:
 
 
 22
 The doctrine of qualified immunity does not apply if reasonable officers would have known they were violating clearly established Constitutional rights. See White v. Pierce County, 797 F.2d 812, 815 (9th Cir.1986). In the present case, facts necessary to decide the issue of qualified immunity are in dispute. Summary judgment is therefore appropriate only if the officers are entitled to judgment on the basis of the facts most favorable to [the appellant]. That is not the case here. [The appellant's] version of the facts suggest that no reasonable officer could have believed there was probable cause to arrest or that the amount of force used against [the appellant] was justified. Summary judgment was therefore inappropriate.
 
 
 23
 Id. at 1136. Under Mulgannon's version, no reasonable officer could believe that under circumstances that do not support a conclusion that a crime had been committed or was about to be committed, he could coerce the destruction of a film or restrain a photographer. Qualified immunity is not, therefore, available as a defense to the conduct as described by the appellant.
 
 
 24
 Accordingly, the factual issue remaining is whether the appellee's version (a consensual exchange) or the appellant's version (a seizure or coercion) occurred.
 
 CONCLUSION
 
 25
 While our decision in Mulgannon I to reverse the judgment based on the jury's verdict was correct, we misled the trial court by some of our language and now hold that summary judgment on immunity was error. Accordingly, we reverse on the ground that no reasonable officer could believe that a person could be detained because of a remote danger and in the absence of probable cause or an articulable suspicion of a crime committed or about to be committed. We remand for trial on the dispute of whether there was restraint or coercion as claimed. This correction of our prior error does not violate the "law of the case" doctrine. Merritt v. Mackey, 932 F.2d 1317 (9th Cir.1991).
 
 
 26
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3